ACCEPTED
03-14-00341-CV
4871565
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 5:16:50 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00341-CV

*In the Third Court of Appeals*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 5:16:50 PM
JEFFREY D. KYLE
Clerk

**James Richardson**
*Appellant*

**v.**

**Maria Torres, Individually and as
Next Friend of John Marmolejo Torres,
Daniela Tejeda, and Isabella
Gonzales, Minors**
*Appellees*

Appeal from Cause No. C-1-CV-13-009448
County Court No. 2, Travis County, Texas
Hon. David Phillips

## APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT THE RECORD

KING LAW GROUP, PLLC
Mary Ellen King
Texas State Bar No. 24067219
meking@kinglitigationgroup.com
Richard C. King Jr.
Texas State Bar No. 24007491
rking@kinglitigationgroup.com
28515 Ranch Road 12
Dripping Springs, Texas  78620
512.263.8212 (phone)
512.900.2918 (fax)

*Counsel for Appellant James J. Richardson, IV*

## INTRODUCTION

For months, Appellant James J. Richardson, IV, has attempted to supplement the appellate record with documents critical to this appeal that were filed with the Travis County Clerk but inexplicably omitted from the lower court record. Having now attempted on multiple occasions (to no avail) to have the Travis County Clerk take the necessary action to supplement the record and correct its error, Richardson respectfully moves this Court to either accept the attached documents in supplement to the record or abate the case and order the lower court to take the appropriate steps to supplement the record. Appellees do not oppose this Motion to Supplement the Record (the "Motion").

## BACKGROUND

On September 25, 2014, Richardson filed his initial brief. Appellees filed their responsive brief on December 18, 2014. Richardson then filed his reply brief on February 27, 2015.

During the course of briefing this appeal, Richardson determined that supporting exhibits to his underlying Motion to Set Aside Default Judgment and for Sanctions (filed on March 13, 2014, with the Travis County Clerk's office through the electronic filing service company File and ServeXpress) were omitted from the lower court docket and, apparently, simply discarded. The underlying motion was accompanied by the following supporting exhibits: Exhibit A (Default Judgment),

2

Exhibit B (The Affidavit of W. James Nabholz III dated March 13, 2014), Exhibit B-1 (Citation), Exhibit B-2 (Alias Citation), Exhibit B-3 (Affidavit of Service), Exhibit B-4 (Letter to Jesus Tirrez dated February 12, 2014), Exhibit B-5 (Letter to Jesus Tirrez dated March 12, 2014), and B-6 (Letter from Jesus Tirrez dated March 12, 2014).[1] Nevertheless, through an error in the Travis County Clerk's processing of Richardson's filing, the trial court docket inexplicably reflects the underlying motion as having been filed without the affidavit or any of the six supporting exhibits.

In order to correct this error, Richardson obtained from File and ServeXpress a business records affidavit providing sworn evidence that the affidavit and supporting exhibits accompanied the underlying motion were submitted by File and ServeXpress as a single filing "Envelope" to the Travis County Clerk for filing on March 13, 2014. However, for unknown reasons, the County Clerk docketed only a portion of Richardson's filing (aka the "Envelope").

In the weeks leading up to the filing of Richardson's Reply Brief, Richardson repeatedly spoke with the Travis County Clerk's office (by phone and in person) attempting to correct this error and supplement the record. Up and until February 27, 2015, Richardson believed that the Travis County Clerk had agreed to and would promptly supplement the record having received the above-referenced business

---

[1] A copy of these materials is attached hereto as Exhibit A.

records affidavit and the missing documents – materials that the Travis County Clerk specifically requested.

Now, however, Richardson has learned that the Travis County Clerk did not supplement the record, and now is apparently institutionally incapable of supplementing the record and correcting *its* error. Consequently, Richardson has been forced to file this Motion so the Court will have a full and complete record upon which to make its ruling.

## CONCLUSION AND PRAYER

For the foregoing reasons, Richardson respectfully requests that this Court grant his Motion and the supplement the appellate record with the attached documentation that the Travis County Clerk failed to docket or later add to the record. Alternatively, Richardson respectfully requests that the Court abate this case and order the lower court clerk to supplement the record so that the Court will have a full and complete record to consider.

Dated this 13th day of April, 2015.

Respectfully submitted,

**KING LAW GROUP, PLLC**

 */s/ Mary Ellen King*
Mary Ellen King
Texas Bar No. 24067219
meking@kinglitigationgroup.com
Richard C. King Jr.
Texas State Bar No. 24007491
rking@kinglitigationgroup.com
28515 Ranch Road 12
Dripping Springs, Texas  78620
512.263.8212 (phone)
512.900.2918 (fax)

*Attorneys for Appellant James J.
Richardson, IV*

## CERTIFICATE OF CONFERENCE

On April 2, 2015, conference was held with Appellees' counsel regarding this

Motion and Appellees do not oppose this Motion.

 */s/ Mary Ellen King*
Mary Ellen King

5

## CERTIFICATE OF SERVICE

On April 13, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document on the following counsel of record by e-service, e-mail, facsimile, or mail to:

Jesus Tirrez
JESUS TIRREZ & ASSOCIATES
1301 South IH-35, Suite 307
Austin, Texas 78741
(512) 326-1330  Telephone
(512) 275-0075  Fax

Beth Watkins
Shannon K. Dunn
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666  Telephone
(210) 225-2300  Fax

*/s/ Mary Ellen King*
Mary Ellen King



Exhibit A



King Law Group PLLC

Mary Ellen King
Direct: (512) 263.8212
E-Mail: meking@kinglitigationgroup.com

February 27, 2015

Ms. Dana DeBeauvoir
Travis County Court Clerk
Heman Marion Sweatt Courthouse
1000 Guadalupe, Room 222
Austin, Texas 78701

Re:     No. 03-14-00341-CV in the Third Court of Appeals; James Richardson v. Maria
        Torres, et al; (No. C-1-CV-13-009448 in County Court No. 2, Travis County, Texas)

Dear Ms. DeBeauvoir,

Under Texas Rules of Appellate Procedure 34.5(c), we are sending this letter on behalf of Appellant James J. Richardson, IV, in connection with the above-referenced case on appeal to the Third Court of Appeal. On March 13, 2014, W. James Nabholz, III, with the King Law Group, PLLC, transmitted a submission to be filed with the Travis County Clerk using File and ServeXpress. Unfortunately, all though the entire submission was received by File and ServeXpress and forwarded to your offices, only a portion of the "envelope" was actually docketed. By this letter, we are requesting that your office supplement the record on appeal to include the attached materials to correct the earlier docketing oversight.

The filing at issue was assigned the identifier "Envelope 709383" and prepared for filing by File and ServeXpress. Envelope 709383 was then transmitted to the Travis County Clerk by File and ServeXpress on March 13, 2014 on behalf of W. James Nabholz, III, for filing in the above-referenced case. We have attached the following documents for supplementing the court record in reference to this specific filing:

1.      Business Records Affidavit of File and ServeXpress
2.      Exhibit A to Business Records Affidavit of File and ServeXpress which
        consists of the documents filed on March 13, 2014:
        • Defendant's Motion to Set Aside Default Judgment and for Sanctions
        • Exhibit A (Default Judgment)
        • Exhibit B (The Affidavit of W. James Nabholz III)
            • Exhibit B-1 (Citation)
            • Exhibit B-2 (Alias Citation)

**28515 Ranch Road 12 ♦ Dripping Springs ♦ Texas ♦ 78620**
**406 Sterzing Street ♦ Suite 202 ♦ Austin ♦ Texas ♦ 78704**
**P** 512.263.8212  **F** 512.900.2918  **W** www.kinglitigationgroup.com



- Exhibit B-3 (Affidavit of Service)
- Exhibit B-4 (Letter to Jesus Tirrez dated February 12, 2014)
- Exhibit B-5 (Letter to Jesus Tirrez dated March 12, 2014)
- Exhibit B-6 (Letter from Jesus Tirrez dated March 12, 2014)

We respectfully ask you to prepare, certify, and file with the appellate court a supplemental clerk's record containing the items described above and attached hereto, along with this letter request. We accept responsibility for our fee in preparing the supplemental clerk's record. *See* TEX. R. APP. P. 35.3(a)(2). When complete, please forward your invoice to us for payment.

As always, we appreciate your assistance in this matter. Please do not hesitate to contact me if you have any questions.

Sincerely,

*Mary Ellen King*

Mary Ellen King



## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was provided to the following counsel of record on February 27, 2015 by e-mail/facsimile to:

Jesus Tirrez
JESUS TIRREZ & ASSOCIATES
1301 South IH-35, Suite 307
Austin, Texas 78741
(512) 326-1330 Telephone

Beth Watkins
Shannon K. Dunn
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666  Telephone

*Counsel for Maria Torres, Individually and as Next
of Friend of John Marmolejo Torres,
Daniela Tejada, and Isabella Gonzales, Minors*

/s/ Mary Ellen King
Mary Ellen King

| | | |
|---|---|---|
| MARIA TORRES, et al | § | IN THE COUNTY COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| JAMES RICHARDSON, | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT OF FILE AND SERVEXPRESS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jackie Groves, an authorized representative and custodian of records of File and ServeXpress, known to me to be the person whose name is subscribed below and who, being first duly sworn by me, upon his oath deposed and stated as follows:

1.      "My name is Jackie Groves, I am over the age of twenty-one years, of sound mind, have personal knowledge of the facts set forth below and know them to be true and correct as stated.

2.      On March 13, 2014, W. James Nabholz III with the King Law Group, PLLC, transmitted a submission to be filed through File and ServeXpress with the Travis County Court at Law in Cause No. C-1-CV-13-009448.

3.      The submission included the following documents: (1) Defendant's Motion to Set Aside Default Judgment and for Sanctions, (2) Exhibit A (Default Judgment), (3) Exhibit B (The Affidavit of W. James Nabholz III), (4) Exhibit B-1 (Citation), (5) Exhibit B-2 (Alias Citation), (6) Exhibit B-3 (Affidavit of Service), (7) Exhibit B-4 (Letter to Jesus Tirrez dated February 12, 2014), (8) Exhibit B-5 (Letter to Jesus Tirrez dated March 12, 2014), (9) Exhibit B-6 (Letter from Jesus Tirrez dated March 12, 2014). A complete and accurate copy of the document transmitted to us by Mr. Nabholz is attached hereto as "Exhibit A."

4.      The filing (Exhibit A) was assigned as "Envelope 709383" and prepared for filing by File and ServeXpress. Such filings are created by File and ServeXpress in the regular course of its business activities, and they are prepared at or near the time of submission by a party, and are made by persons at File and ServeXpress with knowledge of the submission.

5.      Envelope 709383 was transmitted to the Travis County Clerk on March 13, 2014, for filing in the above-reference case.

FURTHER, AFFIANT SAITH NOT.

_____
Call Center Manager

STATE OF TEXAS          §
                                    §
COUNTY OF DALLAS      §

SUBSCRIBED AND SWORN TO BEFORE me this 27th day of February, 2015, to certify which witness my hand and official seal.

SANDRA L. MAHL
Notary Public, State of Texas
My Commission Expires
July 02, 2017

_____
Notary Public
State of Texas

# Exhibit A

*Attached*

| | | |
|---|---|---|
| MARIA TORRES, ET AL., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | COUNTY COURT NO. 2 |
| v. | § | |
| | § | |
| JAMES RICHARDSON, | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR SANCTIONS

Pursuant to Texas Rules of Civil Procedure, Defendant James Richardson ("Richardson") asks the Court to set aside the default judgment signed on February 28, 2014, and award him sanctions for having to bring this motion. In support thereof, Richardson respectfully shows as follows:

### EVIDENCE IN SUPPORT OF MOTION

In addition to materials already in the Court's file and any exhibits to be offered at the hearing, Richardson attaches the following evidence as support for this motion:

**Exhibit A**     Default Judgment of February 28, 2014

**Exhibit B**     Affidavit of W. James Nabholz, III

### INTRODUCTION

On or about October 14, 2013, Plaintiff Maria Torres ("Torres") filed suit against Richardson, on behalf of herself and three minor children, John Marmolejo Torres, Daniela Tejeda and Isabella Gonzlaes (hereinafter referred to collectively as "Plaintiffs"). *See generally* Plaintiffs' Original Petition. Plaintiffs sued Richardson for various bodily injuries that they allegedly suffered in an automobile accident that occurred on or about November 6, 2011. *Id.*

Defendant has never been served with process in this case. As more fully explained below, there is an Affidavit of Service on file in this matter. See Affidavit of Service, 02/13/14. However, upon information and belief, the individual served as represented in that Affidavit of Service was not the Defendant in this case. *See* Exhibit B, *Affidavit of W. James Nabholz, III* ("*Nabholz Aff.*").

On February 28, 2014, following a hearing, the Honorable Eric M. Sheppard signed a default judgment awarding Plaintiffs various sums of money, including $105,661.96 to Plaintiff Maria Torres, $12,488.75 to Plaintiff John Marmolejo Torres, $9,638.75 to Plaintiff Daniela Tejeda, and $4,900.00 to Plaintiff Isabella Gonzales, for a total judgment in favor of Plaintiffs of $132,779.46. *See* Exhibit A. The Court also ordered that Plaintiffs shall be entitled through abstract, execution and any other process necessary to enforce the judgment, together with interest at the maximum legal rate. *Id.*

Richardson seeks relief from the default judgment through this Motion to Set Aside Default Judgment and for Sanctions, and his Motion to Quash Service, is filed concurrently with this pleading, and is hereby incorporated by reference.

## ARGUMENT

Because the default judgment is in fact interlocutory, this Court retains jurisdiction over the entire case and has the power to set it aside. *See In re Burlington Coat Factory Warehouse*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding); *Fruehauf Corp. v. Carillo*, 848 S.W.2d 83, 84 (Tex. 1993). After asserting its ongoing jurisdiction, the Court should grant this motion for several independent reasons:

➤ Richardson has never been properly served with process in this case;

➤ Despite their prior knowledge of the fact that Richardson was represented in this case, Plaintiffs did not provide prior notice, or for that matter any notice, of the hearing on

2

their motion for default judgment to Richardson;

> Setting aside the Default Judgment will not prejudice or harm Plaintiffs, and is not sought for unreasonable delay or any other improper purpose; and,

> Although the Court need not resort to equity, the February 28, 2014 default judgment should be set aside under the test set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

## ARGUMENT

**I.    Defendant James Richardson Has Not Been Served in This Case.**

In the case before the Court, Plaintiffs issued their summons for Richardson at the address listed as 4326 Clay Avenue, Fort Worth, Texas 76109. *See* Citation issued by the Clerk of the Court on October 14, 2013. However, Richardson, the named Defendant, does not reside at that residence in Fort Worth, Texas. *See Nabholz Aff.*, paragraph 8. In fact, Richardson has not resided at that reside in quite some time. *Id.* Rather, Richardson's parents live at that residence. *Id.* Richardson, the actual Defendant in this case, is James Richardson, Jr. *Id.*, at paragraph 4. And, more importantly, Richardson's father, James Richardson, Sr., lives at that address. *Id.*, at paragraph 8. Counsel for Richardson has been in regular contact with him since the filing of this case, and he has never been served with process in this case. *Id.* at paragraph 5.

The Affidavit of Service filed in this case on February 13, 2014, purports to reflect that the process server served James Richardson at 4326 Clay Avenue, Fort Worth, Texas 76109. *See* Affidavit of Service. However, upon information and belief, the individual served on that date was, in fact, James Richardson, Sr., and not the son, James Richardson, Jr., who is the defendant in this case. *Nabholz Aff.*, at paragraph 8. Since valid service has not been made on the Richardson, the Court was without jurisdiction to enter the Default Judgment on February 28, 2014, and said judgment should therefore be set aside.

For well over a century, Texas Courts have required strict compliance with the rules for service of citations in order for a default judgment to withstand direct attack. *Wilson v. Dunn*, 800

3

S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 886 (Tex. 1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex. 1965); *Flynt v. Kingsville,* 82 S.W.2d 934 (Tex. 1935). Further, there are no presumptions in favor of a valid issuance, service, and return of citation in the face of an attack on a default judgment. *Uvalde,* 690 S.W.2d at 836; *McKanna,* 388 S.W.2d at 929; *Flynt,* 82 S.W.2d at 934. Perhaps most damaging to Plaintiffs' judgment, however, it that a citation is clearly invalid if the correct individual is not named. *Uvalde,* 690 S.W.2d at 885 (citation was held invalid where it named "Henry Bunting" instead of "Henry Bunting, Jr."). That is precisely the happened here. The Citation caused to be issued by Plaintiffs was for the individual named "James Richardson," not the actual defendant "James Richardson, Jr." On its face, therefore, the Citation issued in this matter was invalid; and, as such, could not be served on Richardson, and could not confer personal jurisdiction of this Court over Richardson for purposes of entering a default judgment.

As an important corollary to these standards, a trial court lacks jurisdiction to enter an order, where notice of process was served on the wrong person, even though that person had the same name as the named defendant in the case. Noone v. Noone, 2003 WL 22495574 (Tex.App.—San Antonio 2003)(citing *Uvalde Country Club,* 690 S.W.2d at 885).

In the record before the Court on Richardson's Motion to Set Aside Default Judgment, although the Affidavit of Service filed in this case, on its face, on its face purports to demonstrate service of process on a James Richardson, it is not conclusive evidence of service of process on the James Richardson, who is the named Defendant in this case. As the Nabholz Affidavit makes clear, the Defendant Richardson in this case has not resided at the address contained in the citation for some time. And he was not at that address on the date, and at the time the citation was allegedly served on "James Richardson." *See* Nabholz Aff., paragraph 8. Therefore, proper service could not have been made on the Defendant Richardson in this matter, and the trial court therefore lacked jurisdiction to enter the Default Judgment in favor of Plaintiffs.

4

**II.** **Plaintiffs were aware of Richardson's Counsel's Representation in This Case, and They Failed to Give Notice of their Hearing for Default Judgment; and, Setting Aside the Default Judgment will not produce delay in this case or undue harm or hardship to Plaintiffs.**

This case was filed in Travis County on or about October 14, 2013. Shortly thereafter, Plaintiffs' counsel forwarded a copy of the lawsuit to the State Farms Claims office that had been handling the personal injury claims of Plaintiffs, as well as several other individuals who were not joined as Plaintiffs in this case. *See* Nabholz Aff., paragraph 4. In fact, at about the same time Plaintiffs' counsel settled the claims of the several of the non-litigant claimants, and forwarded releases to the King Law Group, PLLC sometime in November, 2013, based upon his knowledge that State Farm had hired the King Law Group, PLLC to represent Richardson in this lawsuit. *Id.*

On or about December 12, 2013, the undersigned counsel first corresponded with Plaintiffs' counsel to inquire about the releases for the non-litigant claimants he had forwarded to the King Law Group, PLLC for further handling. *Id.,* at paragraph 10. During December 2013 and January 2014, the undersigned counsel worked with Plaintiffs' counsel to finalize the settlements for two of the non-litigant claimants, and made substantial progress towards completing the settlement for the remaining non-litigant claimant. *Id.* In fact, with respect to the third non-litigant claimant, that individual is a minor child, and his settlement therefore requires court approval. The undersigned counsel and Plaintiffs' counsel agreed that Plaintiffs' counsel would file an amended petition to add the minor child as a party-plaintiff in the case. *Id.,* at paragraph 11. In fact, on or about February 12, 2014, Plaintiff's counsel forwarded a draft amended petition to the undersigned counsel towards that end. *Id.*

On that same day, February 12, 2014, the undersigned counsel wrote back to Plaintiffs' regarding the draft amended petition and specifically told Plaintiffs' counsel that Defendant James Richardson had not been served in this case. *Id.,* at paragraph 12. In fact, the undersigned counsel had been checking the court's electronic docket almost weekly since November 5, 2013,

5

to determine whether service had been made on Richardson. *Id.* at paragraph 5. In addition, the undersigned counsel had personally contacted Richardson approximately every two or three weeks during this same period of to inquire whether service had been made. *Id.* And, when checking the Court's electronic docket on February 24, 2014, the docket reflected that an Alias Summons had been issued on February 13, 2014. *Id.,* at paragraph 6. However, when the undersigned counsel checked the Court's electronic docket system on March 3, 2014, the Alias Summons reference had been removed, and Plaintiffs' Default Judgment had been entered on February 28, 2014. *Id.* at paragraph 9.

Despite all of the contact with the King Law Group, PLLC and undersigned counsel on this case between November 2013 and February 2014, Plaintiffs did not give notice to Richardson's counsel of their intention to call their Motion for Default Judgment for hearing on February 28, 2014. While perhaps this omission was not a technical violation of the Texas Rules of Civil Procedure ("TRCP"), certainly the spirit of the TRCP was utterly disregarded by Plaintiffs. Based upon the vigilance exercised by the undersigned counsel to monitor the status of the service of the petition in this case, Plaintiffs' can hardly argue that lack of diligence played a role in Richardson not answering Plainitffs' petition, even if it had been served as alleged by Plaintiffs. Moreover, to take a default judgment in this case was clearly an unscrupulous act when 1) Plaintiffs knew Richardson was represented by counsel, and in fact had been interacting with Richardson's counsel for months to settle other claims related to the accident at issue in this case, and 2) Plaintiffs were expressly told in correspondence by the undersigned counsel as recently as February 12, 2014, that Richardson had not been served in this case.

As a result of the foregoing, the Court should set aside the default judgment as a direct result of Plaintiffs' failure to provide any notice of the default hearing in this case. Moreover, by setting aside the default judgment, the Plaintiffs will suffer any harm and no delay will occur in this case. Therefore, even if the Court determines that the judgment should not be set aside based

6

upon lack of service on Richardson, the Court should grant the relief requested by Richardson based upon Plaintiffs' failure to provide notice of their intent to have a hearing on their Motion for Default.

### III. If Reached, Equity Also Demands that the Default Judgment be Set Aside.

Any of the foregoing legal issues present sufficient cause for the Court to set the February 28, 2014 default judgment aside. Although Richardson need not resort to equity under these circumstances, equity independently demands the same relief.

The equitable elements for setting aside a default judgment are well established. A default judgment must be set aside when: (1) the failure to appear or answer was not intentional or the result of conscious indifference, but was due to accident or mistake; (2) the defendant has a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *see also Bank One Tex., N.A. v. Moody*, 830 S.W.2d 81, 83 (Tex. 1992). A trial court abuses its discretion by refusing to grant a new trial when all three *Craddock* elements are met. *Bank One*, 830 S.W.2d at 85.

#### A. Richardson's Failure to Answer was Due to a Mistake of Fact.

The first prong of the *Craddock* test—that the failure to answer was not intentional but the result of an "accident" or "mistake"—is to be liberally applied. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ). The absence of a purposeful or bad faith failure to answer is the controlling fact under this analysis. *See Craddock*, 133 S.W.2d at 125. Accordingly, the defaulting party must provide "some excuse, but not necessarily a good excuse" for failing to answer in a timely manner. *Id.*; *see Gotcher*, 757 S.W.2d at 401 (finding that "even a slight excuse will suffice"). If the factual assertions in the defendant's motion for new trial and accompanying affidavits are not controverted, the defendant satisfies its burden if it sets forth facts that, if true, negate intent or conscious indifference.

7

*Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984).

As established by Nabholz Affidavit attached to this motion, and as summarized below, Richardson's failure to file a timely answer fits the definition of "accident" or a "mistake" set forth in *Craddock.* This case was filed in October 2013. Richardson's counsel checked the Court's electronic docket weekly for 4 months, and also frequently spoke to Richardson to determine whether he had been served. *See* Nabholz Aff., paragraph 5.

Notwithstanding these efforts, at some point in February 2014, the process server in this case filed an Affidavit of Service with the Court, said affidavit was dated December 9, 2013, some two months prior to the filing of the Affidavit with the Court. The Court's file does not provide any explanation for this filing irregularity. Had service been properly executed on Richardson, his counsel would have timely filed an answer in this case.

Moreover, as noted above despite being notified by Richardson's counsel in mid-February 2014 that Richardson had not been served, Plaintiffs move for their default judgment and the end of the month. Immediately upon learning of the entry of the default judgment, Richardson sought to obtain the consent of Plaintiffs' counsel to set aside the motion. *Id.*, at paragraph 13. But, on March 12, 2014, Plaintiffs' counsel indicated his refusal to do so. *Id.*

The Nabholz Affidavit wholly negates the existence of any purposeful or bad faith motive on Richardson's part. Richardson plainly failed to answer because he was unaware that Plaintiffs had procured an affidavit of service, that the affidavit had been filed with the Court, and that Plaintiffs were moving to obtain a default judgment based upon the affidavit of service. Under these circumstances, the first element of the *Craddock* test has been satisfied.

**B.      Richardson Has Meritorious Defenses.**

For purposes of this motion, the Court must accept as true Alliance's factual assertions regarding meritorious defenses. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex.

8

1993). Alliance's defenses are sufficient if at least a portion of the judgment would not be sustained upon retrial of the case. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ).

Plaintiffs' Original Petition identifies their theory of recovery as negligence against Richardson. If able to file a proper answer, Richardson would allege that Plaintiffs are barred, in whole or in part, from recovery against Richardson for their own negligence. *See* Nabholz Aff., at paragraph 14. Therefore, to the extent Plaintiffs could recover damages from Richardson for negligence, those damages must be offset by the extent to which a jury would find them at fault for their injuries. In addition, Richardson would allege that Plaintiffs' damages were caused, in whole or in part, by their failure to mitigate their damages. Richardson would therefore also be entitled to an offset of damages to the extent a jury would find that Plaintiffs failed to mitigate their damages. Therefore, the second element of the *Craddock* test has been satisfied.

C.    **Granting This Motion will Cause Plaintiffs No Harm.**

*Craddock*'s last element is intended to protect the plaintiff from "the sort of *undue* delay or injury which disadvantages him in presenting the merits of his case at a new trial, such as loss of witnesses or other valuable evidence upon retrial." *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). No such delay or injury exists in this case.

The instant Motion to Set Aside Default Judgment has been filed within two weeks of the entry of the default judgment by the Court. Plaintiffs will be unable to point to any loss of witnesses or evidence as a result of a two week delay in this case moving forward. The only conceivable argument Plaintiffs might make to assert harm is the loss of the immediate economic benefit of the February 28, 2014 default judgment. This argument is not relevant to the question of undue delay. *See Jackson*, 802 S.W.2d at 48. In any event, once the defendant has alleged that the setting aside of the default judgment will not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifts to the

9

plaintiff[,] for these are matters peculiarly within the plaintiff's knowledge. *See Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986). Accordingly, unless Plaintiffs satisfy this burden by bringing forth evidence of harm (which Richardson must receive an opportunity to rebut), the Court should find that the third *Craddock* element has been met.

## IV. Plaintiffs' Conduct in This Case Warrants an Award of Sanctions

This Court has broad discretion when deciding whether to impose sanctions. *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex.App.—Houston, 2011). And, of course, there must be a direct nexus between the conduct complained of and the sanction imposed. *Id.* (citing *Spohn Hosp. v. Mayer*, 104 S.W.2d 878, 882 (Tex. 2003), and *TransAmerica Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

In this case, and as part of this Motion, Richardson requests sanctions in the form of reimbursement for the attorneys' fees he has been required to pay as a result of Plaintiffs' taking the Default Judgment. Plaintiffs pursued the default judgment being put on notice that there was an issue with the service on Richardson. *Nabholz Aff.*, at paragraph 12. Even armed with such knowledge, Plaintiffs failed to make reasonable inquiry before proceeding to take that judgment. Moreover, Plaintiffs failed to give notice of their motion for default judgment so that Richardson could respond to said motion, despite having worked for almost four (4) months with the undersigned counsel to settle other claims related to the accident that is the basis of this lawsuit. *Id.*, at paragraphs 10-12.

Richardson respectfully asks the Court to award him sanctions in the form of reimbursement of his attorneys' fees for researching, preparing and filing this Motion, and the accompanying Motion to Quash Service, Notice of Hearing, and attendance at the hearing on these motions. The undersigned counsel has estimated that the total fee paid by Richardson for these matters in $2,040.00. *Id.*, at paragraph 15. Such a sanction is clearly reasonable, and is reasonably related to Plaintiffs' conduct which has required Richardson to pay these attorneys' fees.

10

## CONCLUSION AND PRAYER

For the foregoing reasons, Richardson asks the Court to set aside the February 28, 2104 default judgment and order this case to be placed back into active status. Richardson has filed contemporaneously herewith a Motion to Quash Service for the same reasons outlined above, and if the Court also grants that relief in connection with granting this motion, Richardson would ask that the Affidavit of Service on file with the Court be stricken form the Court's record. Richardson also requests the Court invoke its discretion and impose sanctions against Plaintiffs in the sum of $2,040.00 for the reason outlined above. Finally, Richardson requests all other appropriate relief to which he is entitled.

Respectfully submitted,

**KING LAW GROUP, PLLC**

BY: _/s/ W. James Nabholz, III_
W. James Nabholz, III
Texas State Bar No. 24042677
Mary Ellen King
Texas State Bar No. 24067219
Richard C. King Jr.
Texas State Bar No. 24007491
28515 Ranch Road 12
Dripping Springs, Texas  78620
406 Sterzing Street, Suite 202
Austin, Texas 78704
512.263.8212 (phone)
512.900.2918 (fax)
jnabholz@kinglitigationgroup.com

_Attorneys for Defendant James Richardson_

11

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following instrument has been served to opposing counsel via facsimile on this the 13th day of March, 2014.

Jesus Tirrez
The Law Office of Jesus Tirrez & Associates
1301 South IH-35, Suite 307
Austin, Texas 78741

*Attorneys for Plaintiffs*

/s/ *W. James Nabholz, III*
W. James Nabholz, III

12

CAUSE NO. C-1-CV-13-009448

MARIA TORRES  INDIVIDUALLY AND AS &sect; IN THE COUNTY COURT
NEXT FRIEND OF  JOHN MARMOLEJO
TORRES, DANIELA TEJEDA and ISABELLA
GONZALEZ, MINORS
PLAINTIFFS

&sect;

VS. &sect; AT LAW NUMBER 2
&sect;
&sect;
JAMES RICHARDSON, &sect; TRAVIS COUNTY, TEXAS
DEFENDANT

## DEFAULT JUDGMENT

The hearing on this cause was held on 28ᵗʰ February, 2014 and Plaintiffs, MARIA TORRES Individually and as next friend of JOHN MARMOLEJO TORRES, DANIELA TEJEDA and ISABELLA GONZALEZ, appeared through  attorney of record. Defendant, JAMES RICHARDSON, although cited to appear failed to appear as required by law.

The Court has considered the pleadings and evidence and official records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiffs.

Based upon Plaintiff's testimony and admitted exhibits the Court finds that the Plaintiffs, MARIA TORRES Individually and as next friend of JOHN MARMOLEJO TORRES, DANIELA TEJEDA and ISABELLA GONZALEZ were injured as a result of an automobile accident, which occurred on November 6, 2011 on IH 35 near the intersection of E. 7th Street in, Austin, Travis County Texas.  The Court finds that the actual damages are supported by affidavit admitted without objection.  The Court further finds that the said damages are real are just and reasonable.

IT IS ACCORDINGLY ADJUDGED that Plaintiff, MARIA TORRES, recover from Defendant, JAMES RICHARDSON, judgment for bodily injury, pain and suffering in the past and future , medical bills in the past and future in the amount of $105,661.96

IT IS ACCORDINGLY ADJUDGED that Plaintiff, MARIA TORRES as next friend of JOHN MARMOLEJO TORRES, recover from Defendant, JAMES RICHARDSON, judgment for bodily injury, pain and suffering in the past and future , medical bills in the past and future in the amount of $12,488.75.

IT IS ACCORDINGLY ADJUDGED that Plaintiff, MARIA TORRES as next friend of DANIELA TEJEDA, recover from Defendant, JAMES RICHARDSON, , judgment for bodily injury, pain and suffering in the past and future , medical bills in the past and future in the amount of $9,638.75.

IT IS ACCORDINGLY ADJUDGED that Plaintiff, MARIA TORRES as next friend of ISABELLA GONZALEZ, recover from Defendant, JAMES RICHARDSON, , judgment for bodily injury, pain and suffering in the past and future, medical bills in the past and future in the amount of $4,990.00.

IT IS ORDERED that Plaintiffs shall be entitled through abstract, execution and any other process necessary to enforce this judgment. Judgment shall have interest at the maximum legal rate All relief not expressly granted herein is DENIED.
SIGNED on 28ᵗʰ February, 2014.

JUDGE PRESIDING

ERIC M. SHEPPERD



000844072

**APPROVED AS TO FORM AND CONTENT:**
Jesus Tirrez & Associates,
1301 South IH 35 Suite 307
Austin, Texas 78741
(512) 326/1330
By:
Jesus Tirrez
State Bar # 20076750

UNOFFICIAL

# CAUSE NO. C-1-CV-13-009448

| | | |
|---|---|---|
| MARIA TORRES, ET AL., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | COUNTY COURT NO. 2 |
| v. | § | |
| | § | |
| JAMES RICHARDSON, | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## AFFIDAVIT OF W. JAMES NABHOLZ, III

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared W. James Nabholz, III, known to me to be the person whose name is subscribed below and who, bring first duly sworn by me, upon his oath deposed and stated as follows:

1.    "My name is W. James Nabholz, III. I am over the age of twenty-one (21) years, of sound mind, have personal knowledge of the facts set forth below and know them to be true and correct as stated. I am an attorney for Defendant James Richardson, Jr ("Richardson").

### Experience, Reputation and Ability of Counsel

2.    "I am an attorney with the King Law Group, PLLC (the "Firm"). I was previously employed in the legal field in a variety of positions, both in-house legal roles and as a member of law firms. I was retained in the present case to represent and protect the interests of Richardson, the defendant in this case."

3. "I have been practicing law since 1987, and I am a licensed attorney in Missouri, Illinois and Texas. I have been licensed to practice law in Texas since 2003, and I am currently in good standing with the State Bar of Texas. I have twenty-seven (27) years of experience as a lawyer, involved in litigating cases across the country. Since being licensed as an attorney, I have concentrated my practice in the broad area of litigation and trial practice. I am familiar with the usual and customary practices employed in most civil litigation matter, and have concentrated expertise in the defense of automobile liability lawsuits, primarily on behalf of insurance companies and their insureds."

DEFENDANT'S EXHIBIT
B
PENGAD-Bayonne, N.J.

1

## Representation of James Richardson, Jr., in this Case, Monitoring Service Issue

4.      "My involvement in the case presently before this Court began sometime in early November, 2013, when this file was assigned to me to handle the representation of James Richardson, Jr. I received a copy of Plaintiffs' Original Petition from the insurance claims office handling Plaintiffs' injury claims, which was given a copy of the lawsuit by Plaintiffs' counsel. My initial review of the file indicated that Plaintiffs had filed their petition on or about October 14, 2013. On November 5, 2103, I consulted the Court's electronic docket system, which revealed that a service Citation was issued by the Court on October 14, 2013. The service citation issued by the Court was addressed to James Richardson, 4325 Cole Avenue, Fort Worth, Texas 76109. The Citation issued by the Court did not correctly name the defendant, omitting the "Jr." suffix from his name. Further, as of November 5, 2013, there was no return of service filed in the Court's electronic docket system, which indicated that the Citation and Plaintiffs' Original Petition had not yet been served on Richardson. A copy of the Citation issued by the Court on October 14, 2013, is attached hereto as Exhibit B-1."

5.      "Beginning with my review of the Court's electronic docket system on November 5, 2013, I began to review that docket system at least once per week to monitor to the status of service on Richardson. I reviewed the docket system from weekly from November 5, 2013 through March 3, 2014. Throughout this same time, I was in frequent contact with Richardson to determine whether he had received service of process. My calls and/or emails to Richardson occurred approximately every two (2) to three (3) weeks. At no time during the four (4) month period I was monitoring the service through the Court's electronic docket system and checking with Richardson did I ever receive any information which indicated that Richardson had been served in this case."

6.      "When I checked the Court's electronic docket system on or about February 24, 2014, the system revealed that an Alias Citation had been issued for James Richardson on February 13, 2014. At that time, I called Richardson to again confirm he has not received service and to advise him that the Court had issued an Alias Citation. A copy of the Alias Citation from the Court's electronic docket system is attached hereto as Exhibit B-2."

## Affidavit of Service "Appears" in Docket System, Followed by Default Judgment

7.      "On or about March 3, 2014, I again checked the Court's electronic docket system, the docket system showed for the first time that a Citation was returned as served, with an Affidavit of Service, on February 13, 2014. This Affidavit of Service purported to indicate the Plaintiffs' Original Petition was served on James Richardson at 4325 Clay Avenue, Fort Worth, Texas 76109, on December 9, 2013, at 4:00 p.m. A copy of the Affidavit of Service is attached hereto as Exhibit B-3."

8.      "The Court's Citation did not contain Richardson's correct name, James Richardson, Jr. Rather, the Citation identified an individual named James Richardson, who is not the defendant in this case, that resides at 4325 Clay Avenue, Fort Worth, Texas 76109. The Defendant in this case, James Richardson, Jr., does not, and has not for some time, lived at the Clay Avenue address in Fort Worth, Texas. Richardson was not present at the Clay Avenue

2

address at the date and time recited in the Citation. The only reasonable explanation regarding the facts recited in the Affidavit of Service is that the process server served Richardson's father, James Richardson, Sr., on the day and at the time indicated in the Affidavit of Service."

9.  "When I checked the Court's electronic docket system on March 3, 2014, I also discovered that a default judgment had been taken by Plaintiffs' counsel on February 28, 2014. A copy of the Court's Default Judgment is attached to the Motion to Set Aside Default Judgment, which this affidavit supports, as Exhibit A."

### Extensive Interaction between Plaintiffs' Counsel and Richardson's Counsel

10.  "As noted above, my involvement in this case began in early November 2013. When I took over the handling of this case for Richardson, Plaintiffs' counsel had recently forwarded several releases to the insurance claims office, then to the offices of the King Law Group, PPLC. These releases were forwarded in an attempt to settle claims for several individuals who were non-litigant claimants, allegedly injured in the accident that forms the basis for this case. Beginning with my initial letter to Plaintiffs' counsel on December 12, 2013, I personally worked with Plaintiffs' counsel over the next couple of months to provide new releases for the non-litigant claimants, and two of these claims were resolved in early January 2014, with payments made for their injury claims.

11.  "Unfortunately, the third non-litigant claimant is a minor child, whose settlement will require the Court's approval. To that end, I have been working with Plaintiffs' counsel over the past several months to line up a guardian-ad-litem for the minor child and have the Plaintiffs' petition amended to add the minor child as a party-plaintiff. As recently as February 12, 2014, Plaintiffs' counsel forwarded a draft amended petition to add the minor child as a party to this case, for the limited purpose of obtaining the Court's approval for the minor settlement."

12.  "The correspondence I received from Plaintiffs' counsel on February 12, 2014, is important, because on that same day I drafted and sent a return letter to Plaintiffs' counsel. In that letter I specifically informed Plaintiffs' counsel that Richardson had not been served in this case; therefore, the statement in his amended petition that "James Richardson has entered an appearance in this case" was erroneous. In fact, I informed Plaintiffs' counsel that not only had King Law Group, PLLC not entered an appearance for Richardson, but also Richardson had not yet been served in the case. A copy of my February 12, 2014, letter to Plaintiffs' counsel is attached hereto as Exhibit B-4."

### When Asked to Consent to Set Aside Default, Plaintiffs' Counsel Refused to Do So

13.  "After learning about the default judgment in early March, 2014, I wrote to Plaintiffs' counsel, explaining all of the above-recited facts, and requested that he consent to a motion to set aside the default judgment. Plaintiffs' counsel refused to provide his consent to set the default judgment aside. Copies of my March 12, 2014, letter to Plaintiffs' counsel, and his response of the same date, are attached hereto as Exhibits B-5 and B-6, respectively."

3

## Richardson has meritorious Defense to Raise in This Case

14.     "If Richardson had actually been served, and given the opportunity to file an answer in this case, he would assert the defenses of contributory negligence and failure to mitigate damages. If a jury made an award to Plaintiffs at the trial of this case, either of these defenses would require the jury to apportion fault to Plaintiffs and reduce their damage awards accordingly."

## Richardson has Incurred Attorneys' Fees to Set the Default Judgment Aside

15.     "Richardson has been required to enlist the services of the undersigned counsel to file his Motion to Set Aside the Default Judgment and Motion to Quash Service. The usual and customary hourly rate in the Austin area for such work is $170.00/hour. Richardson has incurred 12 hours of attorneys' billable time to research, prepare and file his motion, provide service to Plaintiffs' counsel, and to file and serve a Notice of Hearing for those motions. Richardson will be required to pay $2,040.00 in additional attorneys' fees in this matter as a direct result of the Default Judgment and Plaintiffs' refusal to consent to set the judgment aside."

FURTHER AFFIANT SAITH NOT.

W. James Nabholz, III

STATE OF TEXAS        §
                      §
COUNTY OF TRAVIS      §

SUBCRIBED ABD SWORN TO BEFORE me on this 13th day of March, 2014, to certify which witness my hand and official seal.

Darcy Collins
Notary Public,
State of Texas
Expires:12-18-2017

Notary Public
State of Texas

Official Seal of Notary

4

## CITATION

THE STATE OF TEXAS
To:
JAMES RICHARDSON
4325 CLAY AVENUE
FORT WORTH, TX 76109

Defendant, in the hereinafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition and request for disclosure, a default judgment may be taken against you. A copy of the petition and request for disclosure accompanies this citation, in cause number C-1-CV-13-009448, styled TORRES V JAMES RICHARDSON

Filed in COUNTY COURT AT LAW #2, Heman Marion Sweatt Travis County Courthouse, 1000 Guadalupe, Austin, Texas on October 14, 2013. Given under my hand and seal of Dana DeBeauvoir, County Clerk on October 14, 2013.

County Clerk, Travis County, Texas
P.O. Box 149325, Austin, Texas 78714-9325

By Deputy:

Plaintiff Attorney
JESUS E. TORREZ
1301 SOUTH IH 35, STE 307
AUSTIN, TX 78741

000842358

-------------------------- OFFICER'S RETURN --------------------------

Came to the hand on the _____ day of _____, 20___ at _____ o'clock _____ M. Executed at _____ within County of _____ at _____ o'clock _____ M on the _____ day of _____, 20___, by delivering to the within named

a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which witness my hand. **AFFIDAVIT ATTACHED**

_____

_____ County, Texas
of _____
By Deputy _____

FEES PAID $_____
C-1-CV-13-009448
O1C - 000049089


DEFENDANT'S
EXHIBIT
B-1
PENGAD-Bayonne, N.J.

## *ALIAS CITATION*

**THE STATE OF TEXAS**
To:
**JAMES RICHARDSON**
**4325 CLAY AVENUE**
**FORT WORTH, TX 76109**

**Defendant,** in the hereinafter styled and numbered cause:

**You have been sued.** You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition and request for disclosure, a default judgment may be taken against you. A copy of the petition and request for disclosure accompanies this citation, in cause number **C-1-CV-13-009448**, styled
**TORRES V JAMES RICHARDSON**

Filed in **COUNTY COURT AT LAW #2,** Heman Marion Sweatt Travis County Courthouse, 1000 Guadalupe, Austin, Texas on **October 14, 2013.**
Given under my hand and seal of Dana DeBeauvoir, County Clerk on **February 13, 2014.**

County Clerk, Travis County, Texas
P.O. Box 149325, Austin, Texas 78714-9325

By Deputy:
*A DESHAY*

Plaintiff Attorney
**JESUS E TIRREZ**
**1301 S IH 35 STE 307**
**AUSTIN, TX 78741-1169**

000840896

---------------------------------- OFFICER'S RETURN --------------------------
Came to the hand on the _____ day of _____, 20___ at ___o'clock___M. Executed at _____ within County of _____at ___o'clock___M on the _____ day of _____,20___, by delivering to the within named _____

a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which witness my hand officially.

_____

_____
of _____ County, Texas
By Deputy _____

FEES PAID $_____
C-1-CV-13-009448
01C - 000050429



DEFENDANT'S
EXHIBIT
B-2

# AFFIDAVIT OF SERVICE

Filed: 2/13/2014 2:28:56 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-13-009448
Guy Dalessio

State of Texas        County of Travis        County Law No.2 Court

Case Number: C-1-CV-13-009448

Plaintiff:
Maria Torres Individually and as Next Friend of John Marmolejo
Torres, Daniela Tejeda and Isabella Gonzalez, Minors
vs.
Defendant:
James Richardson

Received by Pronto Process - Austin on the 16th day of October, 2013 at 3:44 pm to be served on James Richardson, 4325 Clay Avenue, Fort Worth, TX 76109.

I, Carlos Barrera, being duly sworn, depose and say that on the 9th day of December, 2013 at 4:00 pm, I:

INDIVIDUALLY/PERSONALLY delivered a true copy of the Citation - Plaintiff's Original Petition and Request for Disclosure with the date of service endorsed thereon by me, to: James Richardson at the address of: 4325 Clay Avenue, Fort Worth, Tarrant County, TX 76109, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server authorized by the Supreme Court of Texas. I am over the age of twenty-one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _____ day of _____, 20___ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JONATHON GONZALEZ
Notary Public, State of Texas
My Commission Expires
August 20, 2014

Carlos Barrera
SCH5306 EXP. 06/30/15

Pronto Process - Austin
106 E. 6th Street
Suite 800
Austin, TX 78701
(512) 472-8777
Our Job Serial Number: HCL-2013001363

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V8.0n

DEFENDANT'S
EXHIBIT
B-3
PENGAD-Bayonne, N.J.



King Law Group PLLC

W. James Nabholz, III
Phone: (512) 263-8212
E-Mail: jnabholz@kinglitigationgroup.com

February 12, 2014

*Via Fax (512) 275-0075*

Jesus Tirrez
Law Office of Tirrez & Associates
1301 South IH 35, Suite 307
Austin, Texas 78741

> Re: Cause No. C-1-CV-13-009448; *Maria Torres, et al. v. James Richardson;* In County Court No. 2, Travis County, Texas

Dear Mr. Tirrez:

I am in receipt of your correspondence of this date, and the copy of your Amended Petition to add Anthony Gonzales as a plaintiff in the case. With respect to the draft Amended Petition, my only correction is on page 2, paragraph III.3., wherein you state that "Defendant, JAMES RICHRDSON, has made an appearance herein." Please be advised that our office has not, in fact, entered or made an appearance for James Richardson in this case, as Mr. Richardson has not yet been served. I would revise that sentence in your Amended Petition to recognize that James Richardson has not been served, but is appearing in this matter for the limited purpose of gaining court approval of the minor settlement with Plaintiff Anthony Gonzales.

As you requested, I have also included a draft consent motion, with an accompanying order, to appoint a GAL in this matter to obtain court approval of the minor settlement. I have spoken with Luke Dow today and he is agreeable to act as a GAL in this case, to review the settlement with Anthony Gonzales and make his recommendation(s) to the court.

Please feel free to contact me at your convenience.

Sincerely,

*W. James Nabholz, III*

W. James Nabholz, III

28515 Ranch Road 12 ◆ Dripping Springs ◆ Texas ◆ 78620
406 Sterzing Street ◆ Austin ◆ Texas
P 512.263.8212 F 512.900.2918 W www.kinglitigationgroup.com



DEFENDANT'S EXHIBIT
B-4
PENGAD-Bayonne, N.J.



King Law Group PLLC

W. James Nabholz, III
Phone: (512) 263-8212
E-Mail: jnabholz@kinglitigationgroup.com

March 12, 2014

*Via Fax (512) 275-0075*

Jesus Tirrez
Law Office of Tirrez & Associates
1301 South IH 35, Suite 307
Austin, Texas 78741

Re: Cause No. C-1-CV-13-009448; *Maria Torres, et al. v. James Richardson*; In County Court No. 2, Travis County, Texas

Dear Mr. Tirrez:

I received your amended petition and your call about getting Luke Dow involved for the minor settlement. Pending the outcome of the issues raised below, please forward me all the damage info you have on the minor, as Mr. Dow will need that to review before the minor settlement hearing. However, your response to my inquiry below will dictate how quickly all this can be done.

I noted with great dismay last week, that you took a default judgment in this case. I have been checking the status of service weekly, since the case was filed. In addition, I have talked to my client, Mr. Richardson, bi-weekly to see if he has been served. As of two weeks ago, on 2/24, the court file showed that an alias summons had been issued the prior week (the week of Feb. 17th), so I talked to my client again on that day to let him know to be on the lookout for that summons.

The James Richardson, who is the Defendant in this case, has NOT been served, even to this day. The address on the summons is his parents' address, and likely the process server served the petition on James Richardson, Sr., who lives at that address. But, he is not the defendant in this case. As recently as February 12, 2014, in my letter to you saying we would waive service as to the minor plaintiff you're adding to the case for the minor settlement, I told you Mr. Richardson had not been served yet! So, you were (or should have been) fully aware that there was a problem with the service affidavit filed in this case.

28515 Ranch Road 12 ◆ Dripping Springs ◆ Texas ◆ 78620
406 Sterzing Street ◆ Austin ◆ Texas
P 512.263.8212  F 512.900.2918  W www.kinglitigationgroup.com



DEFENDANT'S EXHIBIT
B-5
PENGAD-Bayonne, N.J.



Yet, somehow, last week, when I checked the court's docket again, the alias summons information was removed, and a service affidavit was filed from last December, 2013. I have no idea where that service affidavit came from, but clearly there was no service on the actual Defendant in this case. You have been aware since October of 2013, that I have been involved in this case on behalf of the Defendant. And, I have done everything possible to facilitate the completion of the settlements for your non-litigant clients. Had you given me the courtesy of a call before taking the default in this case, we could have discussed the service issue, and saved all of our clients a lot of time and trouble.

My client has authorized me to file a motion to set aside the judgment, which the court will grant without a second thought given the facts of this case, the dubious service, and the lack of notification to me of your request for a default judgment. My client has also authorized me to quash service in this case, and Mr. Richardson, the actual defendant in this case, has agreed to submit his affidavit testifying that he has never been served. Finally, my client has authorized me to file a motion for sanctions, requesting repayment of the attorneys' fees and expenses incurred in dealing with the default judgment you took on 2/28/2014, which would be at least $2,500 at this point. I have no doubt the court will seriously entertain that request as well, once the facts of this case are laid out.

I am writing in advance of drafting and filing these motions, to see if you will agree to a consent order to set aside that judgment. I need to hear from you by the end of the day tomorrow, March 12, 2014. If you will not agree to set aside the default, I will file the motion to set aside, motion to quash service, and motion for sanctions on Thursday.

Please let me know as soon as possible what your intentions are in that regard.

Sincerely,

*W. James Nabholz, III*

W. James Nabholz, III

106 East Sixth Street ♦ Suite 900 ♦ Austin ♦ Texas ♦ 78701
28515 Ranch Road 12 ♦ Dripping Springs ♦ Texas ♦ 78620
P 512.322.5730  F 512.900.2918  W www.kinglitigationgroup.com

# *Law Offices of Jesus Tirrez & Associates.*
## *Attorney and Counselor at Law*
1301 South IH 35 Suite 307
Austin, Texas 78741

Telephone number 512-326-1330
Telecopier number 512-275-0075

Fax 512-900-2918

March 12, 2014

The King Law Group
Attention: W. James Nabholz, III
106 East Sixth Street, Suite 900
Austin, Texas 78701

      Re:    Maria Torres et al vs. James Richardson; In County Court at Law Travis
               County Texas
               Claim NO. 43-056-Z057

Dear Mr. Nabholz, III:

In response to your letter Carlos Barrera the server for Pronto Process filed an Affidavit of Service in which he swears under oath to serving the Defendant.

I do not believe Mr. Barrera a licensed process server would file under oath a document that was not true. As such after his return was on file for 10 days as required under the Texas Rules of Civil Procedure, with no Answer being filed a Default was taken against the Defendant. We are forwarding a copy of your letter to Pronto Process so they can forward it to their attorney for any necessary action or response.

As for your threat of filing a Motion for Sanctions our reply is we have done nothing wrong except to follow the rules of procedure.

Finally as for your self serving remarks that you have done everything possible to facilitate the completion of the settlements with the non-litigation clients we must take exception. At first you denied the existence of any settlement documents. We seriously considered filing suit for fraud and breach of contract against the adjuster and State Farm, until you revised your position .

Further after settling the Minor's claim for $4,000.00 you unilaterally in contradiction to the signed settlement decided a Friendly Suit was necessary. In the spirit of compromise we remained silent on this issue. When we agreed with Mrs. King to have Edward Carmona to act as ad-litem you once again unilaterally changed that to Luke Dow. We



DEFENDANT'S
EXHIBIT
B-6

are still apologizing to Mr. Carmona for having to send his resume to Mrs. King for review. Again the sprint of compromise we remained silent on this issue.

At this time we are tired of remaining silent and subjecting our self to your orders . We will not be filing any Amendment to the currently pending lawsuit and instead file suit to enforce the settlement reached with the adjuster on the minors claim.


Very truly yours,


Jesus Tirrez
Attorney at Law
Cc:      Pronto Process
         1-800-336-8079